**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALID MAJDUB,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 15-71437<br><br>Agency No. A078-072-869<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2017**
San Francisco, California

Before: HAWKINS and W. FLETCHER, Circuit Judges, and KRONSTADT,***
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable John A. Kronstadt, United States District Judge for the Central District of California, sitting by designation.

Walid Majdub, a citizen of Israel, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

The BIA found that Majdub's asylum claim was untimely. Substantial evidence supports the BIA's conclusion. Majdub arrived in the United States in September 1993, but did not file his asylum application until May 2002. While the one-year filing deadline may be excused if the applicant files within a reasonable period after changed circumstances materially affect his eligibility for asylum, the record supports the BIA's finding that this exception does not apply. 8 U.S.C § 1158(a)(2)(B), (D); 8 C.F.R. § 208.4(a)(4)(i)–(ii).

Substantial evidence also supports the IJ's adverse credibility determination. The IJ established a legitimate, articulable basis to question Majdub's credibility and offered specific, cogent reasons for her disbelief. *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir. 2000). Majdub gave inconsistent testimony regarding the date of the first Intifada, his affiliations with political organizations, and the extent of his participation in political activities in both Israel and in the United States. Because Majdub's withholding application is premised on his claim to fear political persecution if he is returned to Israel, these inconsistencies are not minor but "go to

2

the heart" of his application. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). Majdub argues that any discrepancies are the result of incorrect translations, but this explanation is implausible given the breadth of the conflicting testimony identified by the IJ. In the absence of credible testimony, Majdub failed to demonstrate eligibility for withholding of removal.

Moreover, substantial evidence supports the BIA's alternative conclusion that Majdub's testimony, even if credited, would not establish eligibility for withholding. Majdub testified to prejudicial treatment and harassment, but the conduct he describes does not rise to the level of persecution. *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995)

**PETITION FOR REVIEW DENIED**.